IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,           )
                              )
        v.                   )    Civ. No. 1:24-cv-02010-WMR-JEM
                              )
COBB COUNTY, GEORGIA,         )
                              )
        Defendant.           )
_____)

**BRIEF IN SUPPORT OF JOINT MOTION
FOR FINAL APPROVAL OF THE AMENDED CONSENT DECREE**

    Plaintiff United States of America ("United States") and Defendant Cobb County, Georgia ("Defendant") (collectively, the "Parties") submit this memorandum of law in support of their Joint Motion for Final Approval of the Amended Consent Decree ("Joint Motion"). The Court provisionally approved the original Consent Decree on May 15, 2024 and scheduled a fairness hearing for August 26, 2024 to consider any objections to entry of the Decree. (Doc. No. 3.)

    As detailed below, the Parties have worked diligently to notify Class Members[1] and other potentially affected individuals of the terms of the Consent Decree and have received no substantive objections to entry of the Consent Decree.

---

[1] This memorandum incorporates by reference the definitions set forth in the Decree.

1

While seven Class Members submitted objection forms, six of the seven individuals subsequently confirmed that they submitted the form in error and that they intended to participate in the settlement, not object to its approval. The remaining form does not include any basis to object to the Decree and therefore appears to have been submitted in error. No other objection forms were received.

The Amended Consent Decree (filed with the Joint Motion as Exhibit A) corrects a ministerial error related to the deadline for Claimants to return acceptance and release forms and makes corresponding changes to additional future deadlines necessitated by this change. These adjustments to deadlines do not affect any rights provided by the Decree, the interests of third parties, or the overall duration of the Decree, and therefore should not affect the Court's approval of the Decree.

Given the lack of opposition to entry of the Decree, nothing should alter the Court's preliminary determination that the terms of the Decree are fair, adequate, reasonable, and not the result of collusion. Accordingly, the Court should approve and enter the Decree as final.

## I. BACKGROUND

The background of this action is set forth in the Memorandum of Law in Support of the Parties' Joint Motion for Provisional Entry of Consent Decree and Scheduling a Fairness Hearing on the Terms of the Consent Decree ("Initial

Memorandum"). (Doc. No. 2-1 at 2-7.) This brief does not repeat that information in full but incorporates it by reference and summarizes the key points here.

The United States filed this civil action against Defendant pursuant to Section 707 of Title VII, 42 U.S.C. § 2000e-6. The United States' complaint alleges that Defendant, through the Cobb County Fire Department ("CCFD"), engaged in a pattern or practice of discrimination in CCFD's firefighter hiring process by using certain screening devices that resulted in an impermissible disparate impact on African-American firefighter applicants and were not job related and consistent with business necessity. The United States does not allege that Defendant intentionally discriminated against African-American applicants based on their race. Defendant denies liability under Title VII. Nevertheless, in the interest of resolving this matter without contested litigation and promoting the purposes of Title VII, the Parties reached a settlement in the form of the Decree now before the Court for final approval.

As summarized in more detail in the Initial Memorandum, the major components of relief in the Decree include (1) injunctive relief to ensure that CCFD maintains a Title-VII compliant hiring process; (2) $750,000 in monetary relief to be distributed among eligible Claimants; and (3) up to 16 priority hire positions with certain components of Retroactive Seniority for qualified African-American applicants who were affected by the employment practices that the

United States challenges here. (Initial Memorandum, Doc. No. 2-1 at 4-5.) The Decree results from extensive, arms-length negotiations and is a reasonable compromise between the Parties, two governmental actors, that represents a balancing of the goals and interests of the Parties against the costs, uncertainties, and delays inherent in contested litigation.

## II.  THE PARTIES PROVIDED SUFFICENT NOTICE AND AN OPPORTUNITY TO OBJECT

The Decree establishes a thorough process by which individuals whose interests may be affected by its terms were to be provided notice and the opportunity to object to the Decree's final entry. The Parties adhered to the notice procedures in the Decree, as described next.

The Decree required the United States to send to each class member a copy of the Notice of Settlement and Fairness Hearing on the Terms of the Decree, Instructions for Filing an Objection, and a blank Objection Form ("Notice Documents") no later than 90 days before the Fairness Hearing on the Terms of the Decree via email and first-class mail. (Decree, Doc. No. 4 ¶ 19.) As stated in paragraph 17 of the Decree, the United States retained a claims administrator, Rust Consulting, to handle the claims administration process, including mailing of the Notice Documents. *See* Ex. B, Declaration of S. Schwermer-Sween ("Schwermer-Sween Decl.") ¶ 2. Ninety days before the August 26, 2024 Fairness Hearing was

May 28, 2024. On that date, Rust sent each of the 202 Class Members the Notice Documents by first-class mail and email. *Id.* ¶ 4.

As of August 15, 2024, 18 mailings and five emails sent to Class Members were returned to Rust as undeliverable; however, no class member had both a paper mailing and email returned as undeliverable. *Id.* ¶ 5. For every class member who had a mailing returned to Rust as undeliverable, Rust either received an updated address or made additional attempts to locate alternate mailing addresses for those individuals. *Id.* ¶ 6. As of August 15, 2024, Rust or the United States identified alternate mailing addresses for all Class Members whose mailings were returned as undeliverable. *Id.* Rust resent the notice documents to every alternate address identified. *Id.* Thus, all 202 Class Members have received at least one form of notice.

Rust set up a toll-free telephone number and email address that interested individuals could use to learn about the Decree and about objecting to its terms. Rust also established a website to publicize information relating to the settlement of this lawsuit ("Settlement Website"). *Id.* ¶ 8-9. The Settlement Website was publicly accessible as of May 28, 2024 at www.cobbcountyfiresettlement.com. *Id.* ¶ 8. It provides users access to a copy of the Decree, instructions for filing an objection, an objection form, and contact information for Rust. The toll-free

5

number, email address, and a link to the Settlement Website were included on the Notice Documents. *Id.* ¶ 9.

On May 29, 2024, the County posted notice on bulletin boards in CCFD stations and on CCFD's intranet—where CCFD typically posts announcements for employees—in a form substantially similar to Appendix B of the Decree. *See* Ex. C, Declaration of William Johnson at ¶¶ 2-3. The notice has remained posted since then and will remain posted until the fairness hearing, as required by the Decree. *Id.* ¶ 2. The United States also posted notice of the settlement on the Department of Justice's website at https://www.justice.gov/opa/pr/justice-department-secures-agreement-cobb-county-georgia-resolve-allegations-race. Further, the United States published notice of the settlement in the Marietta Daily Journal on June 21, 2024 and June 28, 2024, both in the print edition and online. *See* Ex. D, Declaration of Pamela L. Jackson at ¶ 2.

Thus, the Parties fully complied with their obligations under the Decree by providing reasonable notice to all individuals whose rights may be affected by the Decree.

### III.  SUMMARY OF OBJECTIONS

While seven individuals submitted objection forms, none of the forms provide any indication that the individual submitting the form objects to entry of the Decree. Indeed, six of the seven individuals subsequently confirmed that the

objection form was submitted in error and that the individual did not intend to object to entry of the Decree. *See* Ex. B, Schwermer-Sween Decl. ¶ 10. The Parties made attempts to contact the remaining individual to clarify their intentions, but did not receive a response. Given the objection form does not include a reason for objecting to the Decree, however, the Parties assume that it was submitted in error. Thus, the Parties do not consider there to be any objection to entry of the Decree. Nevertheless, pursuant to paragraph 23 of the Decree, redacted copies of all objection forms received are attached for the Court's review. *Id.* ¶¶ 11-17, Ex. 2-8.

## IV.   AMENDMENT TO PROVISIONALLY APPROVED DECREE

In preparing this Joint Motion, the Parties discovered that due to a drafting error, the Decree provides that Claimants only have 10 days from the date they are provided notice of their individual relief award to return an Acceptance of Individual Relief Award and Release of Claims Form. (Doc. No. 4 ¶¶ 55-58.) Specifically, paragraphs 55-56 of the Decree provides that no later than 20 days after the Court approves the Final Individual Relief Awards Lists, the claims administrator shall provide Notice of Individual Relief Documents to each Claimant determined by the Court to be entitled to relief. (Doc. No. 4 ¶¶ 55-56.) Paragraph 58 of the Decree then provides that to receive an award of individual relief, a Claimant must return an Acceptance of Individual Relief Award and Release of Claims Form no later than 30 days after the Court approves the Final

Individual Relief Awards List. (Doc. No. 4 ¶ 58.) This leaves Claimants with only 10 days to receive the mailing and submit a response or else they will lose their eligibility for individual relief. The Parties had intended to provide Claimants with 30 days to submit their acceptance and release forms and maintain that 10 days is an insufficient period of time.

To correct this ministerial error, the Parties have agreed to an Amended Consent Decree, which adds 20 days to the deadline in paragraph 58 of the Decree so as to provide Claimants a total of 30 days to receive and return these forms. *See* Ex. A, Amended Consent Decree ¶ 58. This change necessitates adding 20 days to each of the subsequent deadlines in the Decree that are also tied to the Court's approval of the Final Individual Relief Awards Lists. *Id.* ¶¶ 60-66, 68-72.

To compensate for the adjustment of this additional 20 days to the timeline, the Parties have reduced by 30 days the time for the United States to file the final list of eligibility determinations with the Court, which still provides sufficient time for the United States to complete this task. *Id.* ¶ 44. As a result, the adjustments to the timeline do not add to the duration of the Decree.

## V.     ARGUMENT

As stated in the Initial Memorandum, consent decrees negotiated between the federal government and representatives of a local government to settle a pattern or practice claim of employment discrimination by the local government should be

given a presumption of validity by the Court, and the Court need only determine that the consent decree "is not unconstitutional, unlawful, contrary to public policy, or unreasonable before approval is granted." *United States v. City of Miami*, 614 F.2d 1322, 1332-22 (5th Cir. 1980) (internal citation omitted). Stated alternately, "[a] court may properly enter a consent decree only if the settlement it incorporates is 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Florida Wildlife Fed., Inc. v. Jackson*, No. 4:08cv324-RH/WCS, 2009 WL 5217062, *3 (N.D. Fla. Dec. 30, 2009) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

In this Court's Order provisionally entering the Decree, the Court found that the terms of the proposed Decree are fair, adequate, reasonable, and not the result of collusion, "subject to final decision based on any objections." (Doc. No. 3, at 1.) In making its determination, the Court considered the relevant factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The only *Bennett* factor remaining for consideration is "the substance and amount of opposition to the settlement." *Bennett,* 737 F.2d at 986.

As detailed above, the Parties provided reasonable notice to all persons whose interests may be affected by the Decree and provided a reasonable time to object to entry of the Decree. While seven Class Members did submit objection forms, six of these individuals subsequently confirmed that they did not intend to

object to entry of the Decree but intended to participate in the settlement. The remaining objection form does not include a basis for objecting to the Decree and thus appears to be submitted in error. Accordingly, the Court should overrule these objections. As there is no opposition to approval of the Decree, there is no basis to alter the Court's preliminary determination.

The Parties maintain that the adjustment to deadlines in the Decree to correct a ministerial error is necessary as 10 days in an insufficient period of time both for Claimants to receive a notice through the U.S. mail and return an Acceptance of Individual Relief Award and Release of Claims Form. This limited time period could cause Claimants to lose their right to recover under the Decree through no fault of their own. These adjustments to future deadlines do not affect any rights provided by the Decree, the interests of third parties, or the overall duration of the Decree. Accordingly, the Court should give final approval to the Decree.

## VI. CONCLUSION

For the foregoing reasons, as well as those stated in the Initial Memorandum, the Parties request that the Court enter the Decree as final.

Date: August 16, 2024

Respectfully submitted,

For Plaintiff United States of America:

By:

| | |
|---|---|
| RYAN K. BUCHANAN<br>United States Attorney<br>Northern District of Georgia | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| <u>/s/ Aileen Bell Hughes</u><br>AILEEN BELL HUGHES<br>Georgia Bar No. 375505<br>Deputy Chief<br>Public Integrity & Civil Rights Section<br>Office of the United States Attorney<br>600 U.S. Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>Phone: (404) 581-6000<br>Fax: (404) 581-6181<br>aileen.bell.hughes@usdoj.gov | KAREN D. WOODARD<br>*Chief*<br>*Employment Litigation Section*<br><br>CLARE GELLER (NY Reg. No. 4087037)<br>*Deputy Chief*<br><br><u>/s/ Juliet E. Gray</u><br>BRIAN G. MCENTIRE (VA Bar #48552)<br>JULIET E. GRAY (DC Bar #985608)<br>*Senior Trial Attorneys*<br>U.S. Department of Justice<br>Civil Rights Division<br>Employment Litigation Section<br>150 M Street, N.E., Room 9.1802<br>Washington, DC 20530<br>Phone: (202) 598-9907<br>Fax: (202) 514-1005<br>brian.mcentire@usdoj.gov<br>juliet.gray@usdoj.gov |

For Defendant Cobb County Georgia:

By:

*/s/ H. William Rowling, Jr.*
H. WILLIAM ROWLING, JR.
County Attorney
State Bar No. 617225
LAUREN S. BRUCE
Assistant County Attorney
State Bar No. 796642
MARK A. ADELMAN
Senior Associate County Attorney
State Bar No. 044788
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, GA 30090
Phone: (770) 528-4007
lauren.bruce@cobbcounty.org
mark.adelman@cobbcounty.org

*/s/ Matthew A. Boyd*
MATTHEW A. BOYD
State Bar No. 027645
Tucker Ellis LLP
(Atlanta Financial Center)
3343 Peachtree Road NE, Suite 145-1574
Atlanta, Georgia 30326
Phone: (404) 678-6365
matthew.boyd@tuckerellis.com

**Certificate of Compliance**

I hereby certify, pursuant to Local Rule 7.1D, that the foregoing motion and brief have been prepared using Times New Roman, 14 point font.

*/s/ Juliet E. Gray*
Juliet E. Gray