# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| COBB COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## AMENDED CONSENT DECREE

### I.    INTRODUCTION

This Consent Decree ("Decree") is entered into between Plaintiff, the United States of America ("United States" or "Plaintiff"), through the Department of Justice, and Defendant, Cobb County, Georgia ("County" or "Defendant"), which is a governmental body established pursuant to the laws of Georgia. Plaintiff and Defendant are collectively referred to as the "Parties." This Court has jurisdiction of this action pursuant to 42 U.S.C. § 2000e-6(b), and 28 U.S.C. § 1331 and § 1345.

The Complaint in this case alleges that the Defendant's use, through the Cobb County Fire Department ("CCFD"), of a written examination as a rank-order screening device in 2020 and a credit check between 2016 and 2020 to screen and select candidates for firefighter positions at the CCFD resulted in an impermissible disparate impact on African-American candidates in its selection process for

firefighter positions in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). No allegation is made that Defendant intentionally discriminated against African-American applicants through its hiring processes or otherwise. Moreover, Defendant denies the allegations as to impermissible disparate impact or that it has violated the law in any way.

The Parties have negotiated a resolution to this dispute, however, without any admission by Cobb County. As a result of their negotiations, the Parties now desire that this action be settled by an appropriate Decree, to avoid the expenses, burdens, and risks of protracted litigation, and agree to the jurisdiction of this Court over the Parties and the subject matter of this action. This Decree, being entered into with the consent of the Parties, shall in no way constitute an adjudication or finding on the merits of the case. Subject to the Court's approval of this Decree, the Parties waive findings of fact and conclusions of law on the merits of the case. This settlement, as reflected in this Decree and its appendices, is fair, reasonable, adequate, and consistent with federal law.

In resolution of this action, the Parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS the following:

## I.   PARTIES AND DEFINITIONS

1.    "Days" refers to calendar days unless specifically designated as "business days." "Business days" excludes Saturdays, Sundays, and federal, state,

and local holidays. If any deadline referenced in this Decree falls on a weekend or federal holiday, the deadline will be moved to the next business day.

2.      "Date of Provisional Entry" refers to the date this Decree is provisionally entered by the Court.

3.      "Date of Final Approval" refers to the date on which the Court enters the Decree as a final order at or after the Fairness Hearing on the Terms of the Decree, as set forth in Paragraph 24 of this Decree.

4.      "Parties" refers collectively to the Plaintiff United States of America and Defendant Cobb County, Georgia.

5.      "ACCUPLACER" refers to the written examination used by the County for its firefighter selection process from 2020 to the present.

6.      "Credit check" refers to the County's review of a firefighter candidate's credit history as part of its firefighter selection process, which occurred between 2016 and 2020.

7.      "Class Member" means an African-American applicant for a CCFD firefighter position who (a) passed the ACCUPLACER examination in 2020 and scored below 89.22 (the lowest score of a candidate hired); and/or (b) was removed from the firefighter selection process due to the credit check at any time from 2016 through 2020 and who was otherwise eligible for employment with CCFD, and who is eligible for relief under this Decree.

3

8.     "Claimant" means a Class Member who submits a claim in accordance with Section 35 of this Decree.

9.     "Priority Hire" means a Claimant who (a) is eligible for Priority Hire Relief; (b) is qualified to be a firefighter by the County by way of successfully completing CCFD's firefighter screening and selection procedures that are then in effect and required of all other firefighter applicants subject to the limitation in Paragraph 40; and (c) accepts an offer of priority hire pursuant to Paragraph 81.

10.     "Back Pay Relief" means a monetary award that represents the value of some of the wages that the United States alleges a Claimant would have received from the County if he or she had *not* been disqualified by the County's rank-order use of the 2020 ACCUPLACER written exam or the credit check and had been hired into the firefighter position for which he or she previously applied. Back Pay Relief for a Claimant cannot exceed the value of compensation and benefits such Claimant would have received had he or she not been disqualified and instead had been hired by CCFD.

11.     "Priority Hire Relief" means the opportunity for a Claimant to participate in the firefighter selection process as a potential Priority Hire and receive an award of Retroactive Seniority.

12.     "Retroactive Seniority Date" refers to the date a Class Member would have commenced work as a firefighter upon entry into the CCFD Academy if he or

she had not been disqualified by the rank-order use of the ACCUPLACER written examination or the credit check.

13.    "Retroactive Seniority" refers to seniority credit in the firefighter position that a Priority Hire is entitled to receive under this Decree, which is determined using the Retroactivity Seniority Date for the purposes specified in this Decree. Specifically, Retroactive Seniority applies only to a Priority Hire's seniority for purposes of calculating a Priority Hire's regular rate of pay pursuant to the CCFD's Fire Step and Grade Grid (and any other types of pay calculated based on the regular rate), accrual of annual leave and any other leave accrued based on seniority, determining the order for layoffs/reductions in work force, and determining the order for recalling firefighters from layoffs/reductions in work force. For all other purposes, a Priority Hire's actual hire date with CCFD shall be his or her seniority date (or as otherwise may be provided under CCFD's generally applicable policies, procedures, and benefits plans). Retroactive Seniority shall not be used to satisfy any applicable probationary periods or any time-in-grade minimums required to be eligible for promotions.

## II.    FAIRNESS HEARING ON THE TERMS OF THE DECREE

### A.    <u>Provisional Entry of the Decree</u>

14.    Within fifteen (15) days after the execution of this Decree, the Parties shall file a joint motion with the Court requesting that the Court (i) provisionally

approve this Decree; (ii) schedule a hearing to determine whether this Decree is fair, reasonable, adequate, and consistent with federal law (the "Fairness Hearing on the Terms of the Decree"); and (iii) stay all other case deadlines.

15.    The Parties will request that the Court provide at least one hundred twenty (120) days' notice of the date and time for the hearing and that the hearing be scheduled at a time mutually convenient for the Court and counsel for the parties.

16.    The purpose of the Fairness Hearing on the Terms of the Decree, and the related notification provisions of this Decree, is to provide notice and an opportunity to object to persons who may be affected by the terms of the Decree, in accordance with Section 703(n) of Title VII.

17.    The United States shall retain a claims administrator with respect to the claims administration process described below. Any costs relating to the claims administrator shall be paid by the United States. The United States shall ensure that all obligations set out in the Decree for the claims administrator are completed as specified. The County shall be copied on all substantive and/or written communications between the United States and the claims administrator related to the obligations set out in the Decree for the claims administrator.

**B.    Notice of Settlement to Claimants**

18.    No later than fifteen (15) days after the date the Parties execute this Decree, Defendant shall provide the United States with a list of names of all Class

Members (the "Class Member List"), including each Class Member's last known mailing address, email addresses, phone number, date of birth, and Social Security number (if known). Defendant shall indicate on the Class Member List whether the individual's placement on the list is due to his or her score on the ACCUPLACER or his or her failing the credit check (or both). If the individual on the Class Member List took the ACCUPLACER exam, he or she will be presumed to have taken it on October 23, 2020. If the individual on the Class Member List failed the credit check, Defendant shall list the month and year in which the individual failed the credit check.

19.    The claims administrator shall provide a copy of a Notice of Settlement and Fairness Hearing on the Terms of the Decree, Instructions for Filing an Objection, and a blank Objection form ("Notice Documents"), in a format materially the same as set forth in Appendix A, no later than ninety (90) days prior to the Fairness Hearing on the Terms of the Decree via electronic mail (if known) and First-Class Mail to the last known email and mailing address of each Class Member. If the notice sent by U.S. mail is returned as undeliverable, the United States will conduct a reasonable search for alternative addresses and promptly mail the notice to the alternative addresses by First-Class Mail, return receipt requested.

C.    **Notice of Settlement to Other Interested Parties and Organizations**

20.    No later than ninety (90) days prior to the Fairness Hearing on the

7

Terms of the Decree, Defendant shall post a Notice of Settlement and the Fairness Hearing on the Terms of the Decree, in a format materially the same as set forth in Appendix B, on bulletin boards at CCFD stations and on CCFD's intranet. The posted notice shall include a publicly accessible link from which the Notice Documents and the Decree can be accessed. This publicly accessible link and notice shall remain posted for the ninety (90) day period prior to the Fairness Hearing on the Terms of the Decree.

21.     The United States may publish notice in publications and/or on the internet in a format materially the same as set forth in Appendix B to alert interested parties of the Fairness Hearing and opportunity to object.

**D.     <u>Objections to Entry of the Decree</u>**

22.     Any person who wishes to object to the Decree on the ground that it is not fair, reasonable, adequate, or consistent with federal law must file a timely objection in accordance with the requirements set forth in Appendix A and this Decree. Objections must be emailed or mailed and postmarked to the claims administrator no later than thirty (30) days prior to the date set for the Fairness Hearing on the Terms of the Decree. Any person who fails to meet that deadline shall be deemed to have waived any right to object to the terms of this Decree, except for good cause as determined by the United States. The United States shall promptly, and on a rolling basis, email copies of all objections it receives to the County.

23.     No later than ten (10) days prior to the Fairness Hearing on the Terms of the Decree, the United States shall file with the Court copies of all objections received. The United States will redact objectors' addresses, telephone numbers, and email addresses, as well as any other information required by the Court's General, Standing, and Administrative Orders, including Standing Order 19-01, but shall provide unredacted copies to the County. No later than ten (10) days prior to the Fairness Hearing on the Terms of the Decree, the Parties shall file their responses, if any, to all timely objections received.

### E.     **Final Entry of the Decree**

24.     If the Court determines that the terms of this Decree are fair, reasonable, adequate, and consistent with federal law, the Court shall give final approval to this Decree at or following the Fairness Hearing on the Terms of the Decree.

## III.   **EQUITABLE RELIEF**

### A.     **Prohibition Against Resuming Rank-Order Use of Accuplacer**

25.     Defendant, by and through its officials, agents, employees, and all other persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not use the ACCUPLACER as a rank-order selection device.

**B.      Prohibition Against Resuming Use of Credit Check**

26.      Defendant has not used a credit check to screen out candidates since 2020. Defendant shall not resume using a credit check as part of its selection process for firefighters and shall no longer obtain the credit history or in any way consider the credit history of an applicant for the firefighter position in making hiring decisions.

**C.      Prohibition Against Retaliation**

27.      Defendant, by and through its officials, agents, employees, and all other persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not threaten to retaliate against, or retaliate against, or take any action that might deter a reasonable person from asserting rights protected by equal employment opportunity laws, including Title VII, because that person has taken advantages of rights provided by this Consent Decree or has testified, assisted, or participated in any manner in any investigation, proceeding, or hearing related to the implementation of this Decree.

**D.      Changes or Modifications to Firefighter Selection Process**

28.      In the event that the County wishes to change or modify its current pass-fail use of the ACCUPLACER written exam in its firefighter selection process, it will provide such proposed changes and relevant materials related to such changes to the United States in writing at least ninety (90) days before the effective change

or modification for review and approval by the United States. The United States shall have thirty (30) days to review the changes or modification and raise any objections if it believes the change or modification conflicts with Title VII and/or this Decree. The Parties agree to make a good faith effort to confer regarding any disagreements concerning the submitted employment practices prior to initiating the dispute resolution provisions of Paragraph 89.

### E.   <u>Decree Compliance Officer</u>

29.   No later than thirty (30) days after the Date of Provisional Entry, the County shall designate a Decree Compliance Officer who may be a County employee. The Compliance Officer shall provide bi-annual written reports on the status of the implementation of this Decree to the United States, through the County Attorney's office, during the period that this Decree is in effect. The Compliance Officer shall include in these bi-annual reports any complaints of (i) discrimination on the basis of race arising from the County's screening of applicants for firefighter positions and (ii) retaliation prohibited by Paragraph 27 above.

## IV.   INDIVIDUAL RELIEF

### A.   <u>Two Forms of Individual Relief</u>

30.   Defendant shall be obligated to provide individual relief to Claimants in the form of Back Pay Relief and/or Priority Hire Relief as described below.

### B.    Total Back Pay Relief

31.    Defendant shall pay a total amount of $750,000 in Back Pay Relief to be distributed to Claimants under the terms of this Decree. Within twenty-five (25) days of the Date of Provisional Entry, the claims administrator shall create an interest-bearing Qualified Settlement Fund ("QSF") and shall provide Defendant with information necessary for Defendant to deposit the $750,000 into the QSF. Within ten (10) days of receiving information on the QSF from the claims administrator, Defendant shall deposit $750,000 into the QSF. Each Claimant shall be eligible to receive a *pro rata* share of the Back Pay Relief, as determined by the United States, based upon the date he or she was initially screened from employment by CCFD because of a credit check or passing ranked-order ACCUPLACER test score. No Claimant shall receive Back Pay Relief in excess of the Claimant's make whole relief, which is defined as the value of the compensation and benefits such Claimant would have received had he or she been hired by the County instead of being disqualified via the credit check or rank-order ACCUPLACER testing.

### C.    Priority Hire Relief

32.    Defendant shall make up to sixteen (16) Priority Hires from Claimants eligible for Priority Hire Relief for the position of firefighter, in accordance with this paragraph and the procedures described in Paragraphs 40 and 73-85. Up to ten (10) Priority Hires shall come from the pool of eligible Claimants who were previously

disqualified from employment based upon their credit history, and up to six (6) Priority Hires shall come from the pool of eligible Claimants who were previously disqualified from employment based upon the rank-ordering of the 2020 ACCUPLACER test.

## V.    INTEREST-IN-RELIEF PROCESS AND CLAIMS PROCEDURE

### i.    Notice of Entry of Decree to Class Members

33.    Within thirty (30) days after the Date of Final Approval of the Decree, the claims administrator shall send each Class Member by email (if known) and first-class mail a copy of the Notice of Final Approval of Settlement and an Interest-in-Relief Form, in a format materially the same as set forth in Appendix C to this Decree, with a self-addressed return envelope.

34.    The United States shall conduct a reasonable search for an alternative mailing address for any Class Member whose mailed notice is returned as undeliverable and for whom the United States receives no confirmation of email receipt. The claims administrator will promptly re-mail the notice and Interest-in-Relief form to the alternative address(es) for that Class Member, using First-Class Mail with a self-addressed return envelope.

### ii.    Submission of Interest-in-Relief Forms

35.    Only Claimants are eligible to receive individual relief. A Class Member becomes a Claimant by timely submitting a completed Interest-in-Relief

form to the claims administrator within thirty (30) days from the date the form is mailed to the Class Member via U.S. mail. Any Class Member who fails to return an Interest-in-Relief Form by the deadline shall be deemed to have waived any right to be considered for an award of individual relief under this Decree, except for "good cause" as determined by the United States; provided, however, that the United States (1) may not make a good cause exception to eligibility for Back Pay Relief if the Back Pay Relief described in Paragraph 31 is exhausted; and (2) may not make a good cause exception to eligibility for Priority Hire Relief if at the time the Interest-in-Relief Form is received it is no longer feasible to offer additional Priority Hire Relief based on the timelines set forth in this Decree and/or the County's normal hiring processes and procedures. "Good cause" shall mean that the potential Claimant did not timely return his/her completed Interest-in-Relief form to the claims administrator for reasons outside of his or her control and not as the result of inadvertence, carelessness, or neglect. A Claimant will only receive the type(s) of relief that she/he requests on her/his form, and for which she/he is eligible pursuant to the terms of this Decree.

36.     The United States will assign a Claimant ID number to each individual who submits an Interest-in-Relief form.

**iii.**      **Determination of Claimants' Eligibility for Individual Relief**

37.      The United States will preliminarily determine whether a Claimant is eligible for individual relief under this Decree, subject to the objection and Court approval process outlined below.

38.      A Claimant is eligible for back pay relief if:

a.      The Claimant is African-American;

b.      The Claimant (i) passed the ACCUPLACER examination in 2020 and scored below 89.22 (the lowest score of a candidate hired); and/or (ii) was removed from the firefighter selection process solely due to the credit check at any time from 2016 through 2020; and

c.      The Claimant was not or would not have otherwise been disqualified or not selected for the firefighter position for other reasons.

39.      To be eligible for Back Pay Relief, a Claimant need not express an interest in, or be eligible for, Priority Hire Relief, or accept an offer of employment as a firefighter in the CCFD.

40.      A Claimant is potentially eligible for Priority Hire Relief under this Decree if the Claimant satisfies the criteria in Paragraph 38 above, meets the minimum qualifications in effect and required of all firefighter applicants at the time

the Claimant is completing the County's screening and selection procedures (having a high school diploma or GED, being at least 18 years of age, and possessing a valid driver's license), and completes all steps in the firefighter hiring process, including passing CCFD's background check, passing all CCFD physical, psychological, and polygraph screening requirements, and achieving a passing score on the ACCUPLACER should the County use the ACCUPLACER as a pass-fail screen; provided, however, that a Claimant need not re-take the ACCUPLACER if that Claimant took and received a passing score on the ACCUPLACER within four (4) years of the date the Claimant would be required to re-take the ACCUPLACER.

### iv.    **Determination of Individual Relief**

41.    The United States shall provide a list of its determinations ("LOD") on Back Pay and Priority Hire Relief, which will contain all proposed eligible Claimants, to the Defendant within ninety (90) days of the Date of Final Approval. Defendant shall choose its Priority Hires from the LOD in accordance with the procedures set forth in Paragraphs 73-85 below.

42.    No later than fifteen (15) days after receipt of the proposed LODs from the United States in Paragraph 41 above, Defendant shall notify the United States in writing if it objects to any of the United States' determinations regarding eligibility for Individual Relief.

43.    The Parties will work to resolve any dispute regarding the proposed

16

LODs within fifteen (15) days of any objections, and if no objections are made, the United States proposed LODs will be considered the final list of determinations ("FLOD").

## VI.    FAIRNESS HEARING ON INDIVIDUAL RELIEF

### i.    Filing of Final List of Determination with the Court

44.    No later than one hundred fifty (150) days after the Date of Final Approval of the Decree, the United States shall file with the Court and serve upon the County the FLODs. The United States will redact Claimants' names, social security numbers, dates of birth, addresses, telephone numbers, email addresses, signatures, and initials, as well as any other information identified in Standing Order 19-01. Individuals will be identified by their assigned Claimant ID Number.

### ii.    Fairness Hearing on Individual Relief

45.    Upon filing the FLODs, the United States shall simultaneously move the Court to hold a Fairness Hearing on Individual Relief to allow the Court to determine whether the FLODs should be approved or amended. The Court will provide the Parties with at least ninety (90) days' notice of the date and time set for the Fairness Hearing on Individual Relief.

### iii.    Notice of Preliminary Eligibility Determination to Claimants

46.    No later than eighty (80) days before the date set for the Fairness Hearing on Individual Relief, the claims administrator shall send to each Claimant

17

who submitted an Interest-in-Relief form via email to the last-known email address, if available, and via first-class U.S. mail to the last-known mailing address the following Notice of Individual Relief Fairness Hearing Documents:

    a.   A cover letter, in a format materially the same as set forth in Appendix D, notifying the Claimant of the determinations regarding the Claimant's eligibility for individual relief under the Decree, the reason(s) for any determination that the Claimant is ineligible for any particular form of requested relief, and the Claimant's proposed Back Pay Relief as stated on the FLOD, if any; and

    b.  Notice of Fairness Hearing on Individual Relief, Instructions for Filing an Objection to Individual Relief, and an Objection Form, in formats materially the same as set forth in Appendix D, with a self-addressed return envelope.

47.    The claims administrator shall keep records of, and, if possible, shall re-send, all Notice of Fairness Hearing on Individual Relief Documents returned as undeliverable by the same procedures described in Paragraph 34.

### iv.    <u>Objecting to Individual Relief Determinations</u>

48.    A Claimant who wishes to object to any determination regarding individual relief as set out in his or her cover letter (Appendix D) must file a written objection in accordance with the requirements set forth in this Consent Decree and

Appendix D. Objections submitted via mail must be postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing on Individual Relief, and objections submitted via email must be transmitted electronically no later than fifty (50) days prior to the date set for the Fairness Hearing on Individual Relief.

49.     By no later than forty-five (45) days prior to the Fairness Hearing on Individual Relief, and on a rolling weekly basis thereafter (if necessary), the United States shall serve upon the Defendant copies of the objections it has received.

### v.     Filing Objections to Individual Relief

50.     No later than ten (10) days prior to the Fairness Hearing on Individual Relief, the United States shall file with the Court copies of all objections received. The United States will redact objectors' addresses, telephone numbers, and email addresses, as well as any other information required by the Court's General, Standing, and Administrative Orders, including Standing Order 19-01.

51.     No later than ten (10) days prior to the Fairness Hearing on Individual Relief, the Parties shall file their responses, if any, to all objections. In the County's filing, the County may also address its unresolved objections made pursuant to Paragraph 42 in response to the United States' eligibility determinations made pursuant to Paragraph 41.

### vi.     Amendments to Final List of Determinations

52.     At or after the Fairness Hearing on Individual Relief, the Court shall

determine which, if any, objections to the FLODs are well-founded. The Court shall then approve the lists as submitted or, if the Court finds that any objections are well-founded, shall request that the Parties make any necessary adjustments to the lists consistent with such findings.

53.     The Court will find that an objection to either FLOD, including an objection to the amount of Back Pay Relief to be awarded to a Claimant, is well-founded only if the Court finds that the determination reflected in such list is not fair, reasonable, and adequate or is otherwise inconsistent with the provisions of this Decree or federal law.

### vii.     **Approval of Final List of Determinations**

54.     If the Court determines that the individual relief awards are fair, reasonable, and adequate, the Court shall approve the FLODs as final (collectively, the "Final Individual Relief Awards Lists") at or after the Fairness Hearing on Individual Relief.

## VII.   EXECUTION OF INDIVIDUAL RELIEF

### i.     **Notice of Individual Relief Awards and Acceptance and Release**

55.     No later than twenty (20) days after the Court approves the FLODs, either at or after the Fairness Hearing on Individual Relief, the claims administrator shall provide notice to each Claimant determined by the Court to be entitled to such relief.

56.     The claims administrator shall send notice to each Claimant via email to the last known email address, if available, and via first-class U.S. mail to the last-known mailing address. The Notice of Individual Relief Documents shall include:

    a.   The Notice of Individual Relief Award in a format materially the same as set forth in Appendix E;

    b.   An Acceptance of Individual Relief Award and Release of Claims Form in a format materially the same as set forth in Appendix F. If the Claimant is eligible for Priority Hire Relief, this form will include a statement of the Claimant's eligibility for such relief and a description of the Retroactive Seniority the Claimant will receive if he or she is ultimately selected as a Priority Hire; and

    c.   Any withholding tax forms necessary for the County to comply with its withholding obligations under law and Paragraph 66 of this Decree.

57.     The claims administrator shall keep records of, and, if possible, shall re-send, all notice documents described in Paragraph 56 that are returned as undeliverable by the same procedures described in Paragraph 34.

**ii.     <u>Acceptance of Individual Relief</u>**

58.     To receive an award of individual relief, a Claimant must return to the

claims administrator an Acceptance of Individual Relief Award and Release of Claims Form as set forth in Appendix F of this Decree, along with any applicable withholding tax forms, no later than fifty (50) days after the Court approves the Final Individual Relief Awards List.

59.     Within five (5) business days of the United States' receipt of an Acceptance of Individual Relief Award and Release of Claims Form and any applicable withholding tax forms from the claims administrator, or as soon as practicable, the United States shall review the form(s) to determine whether they are fully executed with the information that is necessary to effectuate the Claimant's individual relief award. The United States shall continue to conduct such review of all returned forms and to notify Claimants who submitted forms that were not fully executed until the deadline set forth in Paragraph 58.

60.     On a rolling weekly basis, the United States shall forward to the Defendant copies of all Acceptance of Individual Relief Award and Release of Claims Forms and withholding tax forms received from Claimants named in the Final Individual Relief Awards Lists, with all timely forms to be forwarded to Defendant no later than sixty-five (65) days after the Court approves the FLOD.

61.     No later than seventy-five (75) days after the Court approves the FLOD, the United States shall provide the Defendant with a list of all Claimants who submitted Acceptance of Individual Relief Award and Release of Claims Forms and

withholding tax forms, identifying which Claimants submitted fully executed forms, as described in Paragraph 58, and which Claimants submitted forms that were not fully executed.

62.    No later than ninety (90) days after the Court approves the FLOD, Claimants whose Acceptance of Individual Relief Award and Release of Claims Form and/or any applicable withholding tax forms were not fully executed must provide any missing information and must return fully executed forms. A Claimant's failure to return fully executed forms by this deadline, absent a good cause finding by the United States (as defined above), shall constitute a rejection of the offer of individual relief and shall release the Parties from any further obligation under the Decree to make an award of individual relief to the Claimant. No later than five (5) business days after this deadline, the United States, via the claims administrator, shall provide the Defendant with all of the returned Acceptance of Individual Relief Award and Release of Claims Forms and any applicable withholding tax forms.

63.    No later than one hundred (100) days after the Court approves the FLOD, the United States shall provide the Defendant with an updated list of all of the Claimants who submitted Acceptance of Individual Relief Award and Release of Claims Forms and any applicable withholding tax forms, identifying which Claimants submitted fully executed forms and which Claimants submitted forms that were not fully executed.

64.     No later than one hundred fifteen (115) days after the Court approves the FLOD, the United States shall provide the Defendant with an Amended Final Monetary Awards List and an Amended Final Priority Hire Claimant List (collectively, "Amended Final Individual Relief Awards Lists"). The Amended Final Monetary Awards List will identify for each Claimant who timely returned fully executed Acceptance of Individual Relief Award and Release of Claims Forms along with any applicable withholding tax forms, the amount of Back Pay Relief to be paid, taking into account when each Claimant was disqualified by the ACCUPLACER or the credit check. The Amended Final Priority Hire Claimant Lists shall identify each Claimant who is eligible to pursue Priority Hire Relief within each category and who timely returned fully executed Acceptance of Individual Relief Award and Release of Claims Forms.

### iii.     Issuance of Back Pay Relief

65.     No later than one hundred forty-five (145) days after entry of the FLOD, the claims administrator shall mail via certified U.S. mail (return receipt requested) a Back Pay Relief check to each Claimant listed on the Amended Final Monetary Awards List as well as a Form W-2 and all other appropriate tax forms. The amount of the Back Pay Relief check shall be the amount shown for the Claimant on the Amended Final Monetary Awards List, less all appropriate taxes and other amounts withheld in accordance with Paragraph 66.

24

66.     No later than one hundred-thirty (130) days after entry of the FLOD, the claims administrator shall calculate both the employer-side and employee-side federal, state, and local taxes to be paid related to the Back Pay Relief, and shall inform the County of the employer-side taxes that will be due.  The County shall have ten (10) days to review and to make objections to such calculations (if any). The County shall remit to the claims administrator the amount of employer-side taxes to be paid within ten (10) days after the objection deadline (if no objections are made) or the resolution of any objections.  The claims administrator shall withhold from each Claimant's Back Pay Relief all appropriate federal, state, and local income taxes; the Medicare and FICA tax; and any other amounts that are required to be withheld by law. The County shall provide the claims administrator with any information necessary for the withholdings.

67.     The claims administrator shall keep records of all monetary award checks returned as undeliverable and report such information to the Parties. The claims administrator shall re-mail the monetary award returned as undeliverable by the same procedures described in Paragraph 34.

68.     No later than one hundred sixty (160) days after entry of the FLOD, the claims administrator shall provide to the Parties a statement indicating the amount of the Back Pay Relief made to each Claimant, the amounts withheld from each such Back Pay Relief check for taxes and other amounts required to be withheld by law,

and the purpose of each such withholding.

69.    No later than one hundred seventy-five (175) days after entry of the FLOD, the claims administrator shall provide to the Parties a list of all Claimants whose Back Pay Relief payments have not been deposited. The list shall identify which Claimant's checks appear to have been delivered (no returned check) but have not been cashed, and which Claimant's checks have been returned to the claims administrator as undeliverable. The claims administrator shall also provide a statement of the amount of funds remaining in the QSF.

70.    No later than one hundred eighty-five (185) days after entry of the FLOD, the claims administrator shall email and mail a letter to all Claimants whose Back Pay Relief payments are still outstanding to inform such Claimants that their awards have not been deposited or cashed, and may redistributed, reallocated, or treated as unclaimed property under Georgia law if they do not accept payment by a specified date one hundred eighty (180) days after issuance of the check. The letter shall state that no further warnings regarding such distribution will be given.

71.    No later than three hundred thirty-five (335) days after entry of the FLOD, the claims administrator shall provide the Parties with a list of all Claimants whose Back Pay Relief checks were returned as undeliverable and/or uncashed, as well as a statement of the amount of funds remaining in the QSF.

72.    No later than three hundred forty-five (345) days after entry of the

FLOD, the United States shall inform the Defendant either that, to the extent Georgia state law permits, the remaining funds should be reallocated among the other Claimants who are listed on the Amended Final Monetary Awards Relief List in a manner designed to preserve the relative proportions of the Claimants' shares of the QSF or, if the remaining funds are de minimis, consult with the Defendant about the distribution. The Parties shall comply with Georgia law regarding unclaimed property to the extent applicable to any unclaimed funds under this Decree. The Court shall resolve any disputes between the Parties as to the treatment of any unclaimed funds.

### iv.    **Priority Hire Relief**

73.    From the Claimants on the Amended Final Individual Relief Awards List who are deemed eligible for Priority Hire Relief, the County shall make up to sixteen (16) Priority Hires according to the process set out in Paragraphs 78-85. Subject to the terms and limitations in this Decree, all individuals selected to be Priority Hires shall receive an award of Retroactive Seniority as defined in Paragraph 13 corresponding with the Claimant's Retroactive Seniority Date.

74.    To count as a Priority Hire under this Decree, the person must be a Claimant who is eligible for Priority Hire Relief as indicated in the Amended Final Individual Relief Awards List and who accepts an offer of employment from the County.

75.     Nothing in this Decree shall preclude any Claimant from applying for hire or being hired into the firefighter position under any of the County's regular selection processes. Hire of a Claimant under one of the County's regular selection processes prior to January 2024 shall be counted toward fulfillment of up to four (4) of the County's priority hiring obligations under this Decree provided that the County offers such individual(s) and the individual(s) accept the retroactive seniority benefits provided for in this Decree. Hire of a Claimant under one of the County's regular selection processes shall not affect the Claimant's eligibility for Back Pay Relief under this Decree.

76.     The County's priority hiring obligation under this Decree shall be considered fulfilled when either (a) 16 eligible Claimants from the Amended Final Individual Relief Awards List have accepted an offer of employment, or (b) all eligible Claimants from the Amended Final Individual Relief Awards List have either (i) accepted an offer of employment as Priority Hires pursuant to the terms of this Decree; (ii) been disqualified from hire in a manner consistent with the terms of this Decree; (iii) failed to participate in the CCFD's firefighter screening and selection procedures that are then in effect and required of all other applicants (subject to the policies, procedures, and accommodations applied to all other applicants) in two different hiring cycles that the priority hire is invited to participate in and may therefore be deemed disqualified; or (iv) rejected an offer of priority hire

(including by failing to timely accept an offer of priority hire absent good cause as determined by the United States). If a Claimant rejects two separate offers of priority hire because the Claimant is not available to begin the CCFD Academy on the date included in the County's offer letters, or the next Academy start date, then the County may consider that Claimant to be disqualified from hire as a priority hire for purposes of this paragraph.

77.     If the County disqualifies any Claimant listed on the Amended Final Priority Hire Claimant List based on any part of its screening and selection process, including but not limited to disqualification pursuant to Paragraph 76, before fulfilling its priority hiring obligations under the Decree, the County shall, within five (5) days of making such determination, send the United States written notice of its determination, the basis of its determination, and any supporting documentation. If the United States finds no reasonable basis for the County's determination to disqualify any Claimant, it shall notify the County in writing within ten (10) days of its receipt of the County's determination, and the Parties shall make a good faith effort to resolve the disagreement. If the Parties cannot resolve the disagreement, either Party may seek judicial resolution pursuant to the dispute resolution procedures set forth at Paragraph 89.

78.     The County will provide those Priority Hire Claimants it selects for priority hire with a written employment offer consistent with its normal practices

and procedures, subject to the additional provisions contained herein.

79.    The County shall not be required to place more than three (3) Priority Hires in any CCFD Academy class, although the County may voluntarily choose to exceed that number. The County may stagger its Priority Hires through the next six (6) academies.

80.    The County will endeavor to make offers of priority hire as early as possible upon a Claimant's successful completion of the County's firefighter screening and selection procedures, so that if a Claimant rejects an offer of priority hire or does not timely respond to an offer of priority hire, the County will have sufficient time prior to the next CCFD Academy class to make offers to other potential Priority Hires, if necessary. The County will not make offers of priority hire within twenty-one (21) days of the starting date of the Academy class to which the individual is being invited, unless the Parties mutually agree in writing otherwise.

81.    The written offer of priority hire will be sent via first-class U.S. mail and email, and prominently indicate: (a) that the offer is an offer of priority hire being made pursuant to the Decree; (b) that, upon entry into the CCFD Academy, the Claimant will be entitled to Retroactive Seniority corresponding with the Claimant's Retroactive Seniority Date as provided by this Decree; (c) the specific starting salary that the County will provide upon entry into the CCFD Academy and the Retroactive Seniority Date used to calculate the other Retroactive Seniority

benefits provided for in this Decree; (d) the telephone number at which the Claimant may contact the County's Consent Decree Compliance Officer with any questions regarding the offer of priority hire; (e) the date on which the Claimant will begin CCFD Academy training if the offer is accepted; and (f) that the Claimant has fourteen (14) days from the date on which the Claimant receives the written offer of priority hire to notify the County that the Claimant accepts the offer. On the date that such an offer of priority hire is provided to a Claimant, the County shall send a copy of the offer of priority hire to the United States.

82.     If a Claimant fails to report to the CCFD Academy on the start date identified in the County's offer of priority hire, after accepting the County's offer, then except for good cause as determined by the United States, the County's obligation to make a priority hire of that Claimant ceases.

83.     On the date on which a Claimant who is hired as a Priority Hire enters the CCFD Academy, the County shall credit the Claimant with a Retroactive Seniority Date for purposes of calculating the Retroactive Seniority benefits provided for in this Decree.

84.     No later than thirty (30) days after the beginning of any CCFD Academy class for which offers of priority hire are made, the County shall provide to the United States a written report identifying: (a) the name of each Claimant who was offered a priority hire position; (b) whether each such Claimant accepted the

31

offer of a priority hire position; (c) whether each such Claimant began the CCFD Academy and was credited with Retroactive Seniority; and (d) for any Claimant who did not begin the CCFD Academy, a statement of the reason(s) that any Claimant was not hired, along with all available documentation relating to such reason(s).

85.   No later than thirty (30) days after the completion of any CCFD Academy class for which offers of priority hire have been made, the County shall provide to the United States a written report identifying those Claimants who successfully completed Academy training and those who did not successfully complete Academy training. For Claimants who did not successfully complete CCFD Academy training, the report shall include a statement of the reason(s) that the Claimant did not complete Academy training, along with all available documentation relating to such reason(s).

## VIII. CONFIDENTIALITY

86.   The Parties shall keep confidential the names and personally identifiable information ("PII") of any class member and any individual who seeks or receives relief under this Agreement, including, but not limited to, the identity of individuals designated as priority hires pursuant to this Agreement (including, without limitation, as may be set forth in any documents completed pursuant to the Appendices to this Decree, or in LODs or FLODs created pursuant to this Decree), except that the County may disclose PII of claimants who seek priority hire relief to

County and/or CCFD personnel who have a need to know for purposes of implementing the priority hire relief, including, without limitation, the Retroactive Seniority benefits provided for in this Decree. The Parties will not file any document with the Court that identifies the name or other PII of any individual seeking or receiving relief under this Agreement absent a court order permitting disclosure. Any and all documents or other records that explicitly, or by reasonable implication, reveal the identities of the individuals seeking, receiving, and/or accepting priority hire relief with the County are specifically exempted from disclosure by this Order under O.C.G.A. §50-18-70 *et seq.* and, to the extent applicable, pursuant to any request under the federal Freedom of Information Act, 5 U.S.C. § 552 *et seq.*

## IX.   RECORDKEEPING AND COMPLIANCE MONITORING

87.     While this Decree remains in effect, the County shall maintain all of the following records:

> a.     All documents relating to written or verbal complaints made by any person or organization regarding (i) the administration of this Consent Decree; (ii) discrimination on the basis of race (African-American) in the appointment of Claimants to the firefighter position pursuant to this Decree; or (iii) retaliation prohibited by Paragraph 27 above;

33

b.     All documents relating to the evaluation, selection, designation, and/or employment of Priority Hires under this Decree; and

c.     All other documents relating to the County's compliance with the requirements of this Decree, including but not limited to documents relating to the payment or award of Individual Relief to any Claimant under this Decree.

88.    Except as otherwise provided in this Decree, the County will make available to the United States, no later than thirty (30) days after the United States so requests in writing, any records maintained in accordance with Paragraph 87, and any additional documents relating to any dispute arising under the Decree.

## X.    DISPUTE RESOLUTION

89.    The Parties shall attempt to resolve informally any disputes or objections that may arise under this Decree, including any determinations by the United States that "good cause" exists in a given circumstance, as defined above. The Parties shall engage in good faith efforts to resolve any issues before seeking action by the Court. If the Parties are unable to reach agreement after informally seeking to resolve an issue, it may be submitted by either party to the Court for resolution upon at least twenty (20) days' written notice to the other party.

## XI.    JURISDICTION OF THE COURT

90.    The Court shall retain jurisdiction over this Decree for the purpose of

resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree. Unless extended for good cause, this Decree shall be dissolved without further Court Order either three (3) years from the Date of Final Approval or six months after the date that the last Priority Hire begins the CCFD Academy, whichever is later. If there is any dispute regarding whether this Decree is dissolved pursuant to this Paragraph, then that dispute is subject to the dispute-resolution process set forth in Paragraph 89 above.

## XII.   CONTACTS FOR THE PARTIES

91.     To the extent possible, all documents required to be delivered to the Parties under this Decree shall be sent via electronic mail.

92.     Where such electronic delivery is not possible, all documents required to be delivered under this Decree to the United States shall be sent via overnight delivery to the following address:

> Brian McEntire
> Juliet Gray
> Senior Trial Attorneys
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 4 Constitution Square
> 150 M Street, NE, 9th Floor
> Washington, D.C. 20002
> Brian.Mcentire@usdoj.gov
> Juliet.Gray@usdoj.gov

93.     All documents required to be delivered under this Decree to Defendant

shall be sent to the following address:

> Cobb County Attorney's Office
> 100 Cherokee Street, Suite 350
> Marietta, Georgia 30090
> h.william.rowling@cobbcounty.org
> lauren.bruce@cobbcounty.org
> mark.adelman@cobbcounty.org

94.    Either the United States or the County may update physical or electronic delivery or mailing addresses without requiring any changes to the Decree.

## XIII.  GENERAL PROVISIONS

95.    The Parties shall bear their own costs, expenses, and attorney's fees in this action.

96.    If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

97.    This Decree may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one Decree.


It is so ORDERED, this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE


**AGREED AND CONSENTED TO on August 13, 2024:**

36

For Plaintiff United States of America:

By:

RYAN K. BUCHANAN
United States Attorney
Northern District of Georgia

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
Georgia Bar No. 375505
Deputy Chief
Public Integrity & Civil Rights Section
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181
aileen.bell.hughes@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD
*Chief*
*Employment Litigation Section*

CLARE GELLER (NY Reg. No.
4087037)
*Deputy Chief*

*/s/ Brian G. McEntire*
BRIAN G. MCENTIRE (VA Bar
#48552)
JULIET E. GRAY (DC Bar #985608)
*Senior Trial Attorneys*
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, N.E., Room 9.1802
Washington, DC 20530
Phone: (202) 598-9907
Fax: (202) 514-1005
brian.mcentire@usdoj.gov
juliet.gray@usdoj.gov

37

For Defendant Cobb County, Georgia:

By:

/s/

H. WILLIAM ROWLING, JR.
County Attorney
State Bar No. 617225
LAUREN S. BRUCE
Assistant County Attorney
State Bar No. 796642
MARK A. ADELMAN
Senior Associate County Attorney
State Bar No. 044788
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, GA 30090
Phone: (770) 528-4007
lauren.bruce@cobbcounty.org
mark.adelman@cobbcounty.org

/s/

MATTHEW A. BOYD
State Bar No. 027645
Tucker Ellis LLP
(Atlanta Financial Center)
3343 Peachtree Road NE, Suite 145-1574
Atlanta, Georgia 30326
Phone: (404) 678-6365
matthew.boyd@tuckerellis.com

38