# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:24-cv-02010-WMR-JEM |
| ) | |
| COBB COUNTY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DECLARATION OF BRIAN G. MCENTIRE

I, Brian G. McEntire, declare as follows:

1.      I am a Senior Trial Attorney with the Department of Justice, Civil

Rights Division, Employment Litigation Section ("ELS"). I represent the United

States in the above-captioned action. In my role as an attorney on this case, I have

access to the documents and communications exchanged between the Parties

during the course of the United States' investigation of the Defendant.

2.      On November 14, 2019, I sent a letter to William Rowling, County

Attorney for Cobb County, Georgia ("County") notifying the County that the

Assistant Attorney General for Civil Rights had authorized an investigation into

whether the County, through its fire department ("CCFD"), was engaged in a

pattern or practice of discrimination against African Americans or Hispanics with

respect to entry-level firefighter hiring in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*. Attached hereto as Exhibit 1 is a true and correct copy of that letter.

3.     On January 7, 2020, my colleagues and I met with Cobb County officials and CCFD personnel in person to discuss the investigation and the steps in CCFD's hiring process, including the ACCUPLACER written exam and a credit check. Later in January 2020, I sent a request for information ("RFI") to the County regarding its firefighter hiring process from 2016 to 2020, which the County responded to in May 2020.

4.     On November 9, 2020, I sent a second RFI to the County, which requested specific documents and information regarding the fire department's use of the ACCUPLACER and credit check. Attached hereto as Exhibit 2 is a true and correct copy of the November 9, 2020 RFI.

5.     Attached hereto as Exhibit 3 are true and correct copies of December 2020 and March 2021 emails I received from the County in response to the November 9, 2020 RFI.

6.     On January 17, 2023, I sent a letter to the County with the results of the United States' investigation. The letter notified the County of our determination that it was engaged in a pattern or practice of discrimination against African-American firefighter candidates, the basis for the determination, and that

the Assistant Attorney General had authorized suit against the County. Attached

hereto as Exhibit 4 is a true and correct copy of that letter.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2024.

 */s/ Brian G. McEntire*
Brian G. McEntire

# EXHIBIT 1

**U.S. Department of Justice**

Civil Rights Division

DLK:CAG:BGM
DJ 170-19-406

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

<u>**Via U.S. Mail and Email**</u>

NOV 1 4, 2019

H. William Rowling, Jr.
County Attorney
100 Cherokee Street, Suite 350
Marietta, GA 30090

Re:   <u>Investigation of the Employment Practices of the Cobb County Fire Department,</u>
      <u>Pursuant to Section 707 of Title VII of the Civil Rights Act of 1964, as Amended</u>

Dear Mr. Rowling:

It is the responsibility of the Attorney General of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") with respect to state and local government employers. Title VII prohibits an employer from intentionally discriminating against an individual on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Title VII also prohibits an employer from using a neutral employment practice that results in disparate impact on the basis of race, color, religion, sex, or national origin, unless such practice is "job related for the position in question and consistent with business necessity," and there exists no alternative employment practice that would equally serve the employer's legitimate interests but result in less disparate impact. *See* 42 U.S.C. § 2000e-2(k). When the Attorney General believes that a state or local government employer is engaged in a pattern or practice of discrimination in violation of Title VII, he may apply to the appropriate court for an order that will ensure compliance with Title VII and remedy the effects of past discrimination. *See* 42 U.S.C. § 2000e-6(a).

We are writing this letter to inform you that the Department of Justice ("DOJ") is commencing an investigation to determine whether the Cobb County Fire Department ("CCFD") is engaged in a pattern or practice of discrimination against African American and/or Hispanic persons with respect to hiring opportunities for entry-level firefighters. The DOJ is beginning this investigation because it has reviewed information indicating that the CCFD's hiring practices may be disparately impacting African American and Hispanic applicants. Accordingly, the Assistant Attorney General of the Civil Rights Division of the DOJ has authorized a full investigation to determine whether the CCFD is engaged in a pattern or practice of discrimination in violation of Title VII as set forth above.

It is important to note that we have not reached any conclusions about the subject matter of the investigation. During the course of our investigation, we intend to consider all relevant information and believe that you can be of assistance in helping to identify what that might be. We would appreciate your cooperation in our investigation, and to that end, we will do what we can to ensure that any inconvenience to you and to the CCFD will be minimal. As has been our

standard practice, we offer to meet with you and any designated representatives of the CCFD to discuss the parameters of our investigation before we make formal requests for information. The Civil Rights Division has assigned Senior Trial Attorney Brian McEntire to this investigation, and the United States Attorney's Office for the Northern District of Georgia has assigned Aileen Bell-Hughes to this matter. Mr. McEntire can be reached at (202) 305-1470 or brian.mcentire@usdoj.gov, and Ms. Bell-Hughes can be reached at (404) 581-6133 or ABellHughes@usa.doj.gov. We will contact you shortly to discuss the parameters of the investigation.

      Thank you for your cooperation.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

By:

Delora L. Kennebrew
Chief
Employment Litigation Section

cc:    The Honorable Byung J. Pak
       United States Attorney
       Northern District of Georgia
       Richard B. Russell Federal Building
       75 Ted Turner Drive, SW
       Suite 600
       Atlanta, GA  30303-3309

2

# EXHIBIT 2

**U.S. Department of Justice**

Civil Rights Division

DLK:CAG:BGM:JEG
DJ 170-19-406

*Employment Litigation Section*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

November 9, 2020

**<u>Via Email</u>**

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
Mark.Adelman@cobbcounty.org

Re:     <u>Investigation of the Employment Practices of the Cobb County Fire Department,</u>
        <u>Pursuant to Section 707 of Title VII of the Civil Rights Act of 1964, as Amended</u>

Dear Mark:

This letter is a follow-up to Cobb County's ("County's") May 8, 2020 responses to the Department of Justice's request for information for our investigation of the Cobb County Fire Department's ("CCFD") hiring practices pursuant to Title VII of the Civil Rights Act of 1964, as amended. We appreciate your continued cooperation with this request and with our investigation.

Upon reviewing the information contained in the County's responses and subsequent clarifying emails, the Department has determined that additional information is necessary. Accordingly, enclosed is a first supplemental request for information and documents in connection with this investigation. We ask that you provide the requested information by November 30, 2020 or as it becomes available, if sooner.

In making this request, we again wish to assure you that all materials that are provided to the Department of Justice will be maintained and utilized in accordance with applicable federal law, including the Privacy Act, 5 U.S.C. § 552a, *et seq*. The Department of Justice will not voluntarily disclose documents subject to the Privacy Act to any person other than authorized Department of Justice personnel or persons under contract with us during our investigation and prior to any suit.

Please send all responsive information by email, if possible. In the event the County's response is too large to send via email, please send the response via courier service such as Federal Express. Given the pandemic and our lack of access to our offices, I respectfully request that you send the response to one of the addresses listed below:

Brian G. McEntire
2504 Fairview Drive
Alexandria, VA 22306

Aileen Bell Hughes
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive, Suite 600
Atlanta, GA 30303

To the extent possible, the Department requests that documents unable to be produced by email be produced on CD-ROM, DVD, or on an external hard drive.  For electronically stored information ("ESI"), such as emails, databases, and electronic documents, the United States requests that ESI be produced in its original "native" file type, such that it remains text-searchable.  Please do not provide ESI in a PDF or hard copy form.

Please again note that this request does not necessarily constitute the entire body of documents needed to complete our investigation.  The County remains under an ongoing obligation to preserve all documents that may be relevant to this investigation, including electronic documents and emails, and the County should take steps to stop any email deletion for any individuals who may have information relevant to this litigation.

If you have any questions or would like to discuss the request for information, please do not hesitate to contact one of us.  Brian can be reached at 202-598-9907 or Brian.McEntire@usdoj.gov.  Aileen can be reached at 404-581-6133 or ABellHughes@usdoj.gov.  Thank you for your continued cooperation with our investigation.

Sincerely,

*/s/ Brian G. McEntire*
Brian G. McEntire
Juliet E. Gray
Senior Trial Attorneys
Employment Litigation Section

/s/ *Aileen Bell Hughes*
Aileen Bell Hughes
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Georgia

2

## REQUEST FOR INFORMATION

### Instructions

1.  Please indicate the request(s) to which any documents or information you provide is responsive.  If requested documents or information do not exist, please indicate that fact and whether information once existed but was disposed of or destroyed as well as the date of such disposal or destruction.

2.  Unless otherwise specified, the relevant time period is March 2016 through the present, except that documents in effect prior to this time period should be provided if they relate to the hiring process in effect from March 2016 to the present.  For example, job announcements, documents relating to recruitment efforts, and other documents related to the hiring process in effect from March 2016 to the present should be provided.

3.  If the information requested can be obtained from documents, it is not necessary to prepare a summary of the information that can be obtained from the documents to respond to the request.  However, to the extent that summaries or reports already exist, please provide them.  In addition, to the extent the County believes a summary would be helpful or would avoid potential misinterpretation, we invite the County to provide a summary or any other information that may be helpful in understanding the documents.

### Requests

1.  Based on our November 2, 2020 conversation, it is our understanding that the CCFD has officially implemented the changes to its firefighter hiring process discussed in the County's response to Request No. 5 of the United States' First Request for Information, including use of the College Board ACCUPLACER written exam ("College Board exam").  Please indicate the date when the CCFD officially implemented these changes, including use of the College Board exam.

2.  Please indicate what the pass/fail score is on the College Board exam, if any such pass/fail score exists.  Please indicate how a CCFD applicant's score on the College Board exam affects when they are processed through the remaining steps of the hiring process and/or their placement on any eligibility list for a firefighter position.

3.  The County's response to Request No. 13 of the United States' First Request for Information notes that the 2019 candidate process was open until May 4, 2020.  Please supplement the County's list of hires in response to Request No. 13 to reflect any additional hires made by the CCFD that were not included in the original Response.

4.  Please update the Excel spreadsheet "(41) 2019 Candidate List" that the County provided as part of its Response to Request No. 10 to reflect additional hires and other information

3

that became available after the County submitted its response to the First Request for Information.

5.  Please provide any rank candidate lists for firefighter positions that have been created or amended since the County's May 8, 2020 responses to the United States' request for information.

6.  For the four Excel spreadsheets that the County provided as part of its Response to Request No. 10: (a) "(33) 2016 Candidate List;" (b) "(35) 2017 Candidate List;" (c) "(38) 2018 Candidate List;" and (d) "(41) 2019 Candidate List," please add columns to each spreadsheet or create a new spreadsheet with the following information for each applicant who sat for each written exam:

    a.  The applicant's score (if any) on the candidate background section of the written exam;

    b.  The applicant's score on the math section(s) of the written exam;

    c.  The applicant's score on the grammar section(s) of the written exam;

    d.  The applicant's score on the reading comprehension section(s) of the written exam;

    e.  The applicant's score on the informational items section(s) of the written exam;

    f.  The applicant's score on the mechanical section(s) of the written exam; and

    g.  The applicant's score on any section of the written exam not listed in subparagraphs a-f above.

    In the event that there are multiple sections of a particular subject on the written exam (ex. – two separate reading comprehension sections on the same exam), please list the score for each individual section.

7.  Please provide the "Rejection/Removal from Hiring Process" form from the County Department of Public Safety Internal Affairs Unit for applicants during the relevant time period whose reason for rejection for the firefighter position was in part or in whole due to one or more of the following reasons at either the minimum qualifications or background investigation phase:

    a.  Felony conviction more than 10 years prior to the applicant's application;

    b.  Misdemeanor conviction(s);

    c.  Criminal charge(s);

4

d.   Arrest(s);

e.   Results of the credit check; and

f.   A combination of the factors in subsections a-e above.

In the event that the applicants described above were rejected for one of the reasons above but the "Rejection/Removal from Hiring Process" form does not exist, please provide documentation indicating which of the factor(s) above led to the rejection.

# EXHIBIT 3

| | |
|---|---|
| **From:** | Adelman, Mark A. |
| **To:** | McEntire, Brian (CRT) |
| **Cc:** | Gray, Juliet (CRT); BellHughes, Aileen (USAGAN) |
| **Subject:** | RE: Response 7 Rejection, Removal from Hiring Process |
| **Date:** | Wednesday, March 24, 2021 2:40:17 PM |

Brian,

Attached please find information responsive to your March 9, 2021 request. Thanks and please contact me with any additional questions.

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
(770) 528-4007

Confidentiality & Privilege Notice

This communication and its disclosure are strictly limited to the recipient intended by the sender of this message. Please do not forward this message or its contents without consulting with the sender. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Other privileges may also apply.

If you are not the intended recipient, your receipt was the product of an inadvertent disclosure or an intentional violation of the confidentiality and privileges which apply. Therefore, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact us immediately by return e-mail or at 770-528-4000, and destroy the original transmission and its attachments without reading or saving in any manner. The sender has not waived and did not intend, directly or indirectly, to waive any privilege, in whole or in part.

**From:** McEntire, Brian (CRT) <Brian.McEntire@usdoj.gov>
**Sent:** Friday, March 19, 2021 2:49 PM
**To:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@usdoj.gov>; BellHughes, Aileen (USAGAN)
<Aileen.Bell.Hughes@usdoj.gov>
**Subject:** RE: Response 7 Rejection, Removal from Hiring Process

Not a problem. By this email, we grant your request for an extension until March 24, 2021. Enjoy your weekend.

Brian

**From:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>
**Sent:** Friday, March 19, 2021 2:46 PM
**To:** McEntire, Brian (CRT) <Brian.McEntire@crt.usdoj.gov>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@crt.usdoj.gov>; BellHughes, Aileen (USAGAN)
<ABellHughes@usa.doj.gov>
**Subject:** RE: Response 7 Rejection, Removal from Hiring Process

Brian,

IA has not yet completed its search regarding the named employees. Therefore, I am requesting an extension of time to Wednesday, March 24, 2021 for the County to provide its response. Thanks.

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
(770) 528-4007

Confidentiality & Privilege Notice

This communication and its disclosure are strictly limited to the recipient intended by the sender of this message. Please do not forward this message or its contents without consulting with the sender. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Other privileges may also apply.

If you are not the intended recipient, your receipt was the product of an inadvertent disclosure or an intentional violation of the confidentiality and privileges which apply. Therefore, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact us immediately by return e-mail or at 770-528-4000, and destroy the original transmission and its attachments without reading or saving in any manner. The sender has not waived and did not intend, directly or indirectly, to waive any privilege, in whole or in part.

**From:** McEntire, Brian (CRT) <Brian.McEntire@usdoj.gov>
**Sent:** Monday, March 15, 2021 8:52 AM
**To:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@usdoj.gov>; BellHughes, Aileen (USAGAN) <Aileen.Bell.Hughes@usdoj.gov>
**Subject:** RE: Response 7 Rejection, Removal from Hiring Process
Great – thanks so much for the update and quick turnaround, Mark.

**From:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>
**Sent:** Monday, March 15, 2021 7:58 AM
**To:** McEntire, Brian (CRT) <Brian.McEntire@crt.usdoj.gov>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@crt.usdoj.gov>; BellHughes, Aileen (USAGAN) <ABellHughes@usa.doj.gov>
**Subject:** RE: Response 7 Rejection, Removal from Hiring Process
Brian,
Our IA staff is working on this request and anticipates having responses regarding each of the 26 identified applicants by Friday, March 19, 2021. Thanks.
Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
(770) 528-4007

Confidentiality & Privilege Notice

This communication and its disclosure are strictly limited to the recipient intended by the sender of this message. Please do not forward this message or its contents without consulting with the sender. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Other privileges may also apply.

If you are not the intended recipient, your receipt was the product of an inadvertent disclosure or an intentional violation of the confidentiality and privileges which apply. Therefore, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact us immediately by return e-mail or at 770-528-4000, and destroy the original transmission and its attachments without reading or saving in any manner. The sender has not waived and did not intend, directly or indirectly, to waive any privilege, in whole or in part.

**From:** McEntire, Brian (CRT) <Brian.McEntire@usdoj.gov>
**Sent:** Tuesday, March 9, 2021 2:31 PM
**To:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@usdoj.gov>; BellHughes, Aileen (USAGAN) <Aileen.Bell.Hughes@usdoj.gov>
**Subject:** RE: Response 7 Rejection, Removal from Hiring Process

Hi Mark-

Hope that all is well. I was following up to the supplemental response below, which we discussed approximately two weeks ago. We have reviewed the approximately 110 PDF files for those individuals who were removed from the Firefighter hiring process for either a criminal history or credit history issue. Of the 110 files, 55 relate to criminal history and 55 concern credit history. The information on criminal history provides thorough descriptions as to why each individual was removed from the hiring process. However, with respect to the 55 individuals removed due to their credit history, we were only able to discern the specific issues relating to the removal (ex., bankruptcy, delinquent debts, etc.) with respect to 29 of the individuals. The remaining 26 individuals only have information stating that their credit history is "not within hiring standards," and there is usually a reference to an Equifax credit history report. I wanted to find out if the applicant's file would contain this Equifax credit report and/or other specific information as to why the individual failed the credit check. If so, could you please provide us with this additional information? The 26 individuals who we are requesting additional information for are as follows:

1. 
2. 
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26. 



Should you have any questions or thoughts, please let me know. As always, thanks for your assistance.

Best,

Brian

**From:** Adelman, Mark A. <Mark.Adelman@cobbcounty.org>

**Sent:** Thursday, February 25, 2021 3:27 PM
**To:** McEntire, Brian (CRT) <Brian.McEntire@crt.usdoj.gov>
**Subject:** FW: Response 7 Rejection, Removal from Hiring Process

Brian,

This was our supplemental response to question 7. Thanks, and please contact me with any questions.

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
(770) 528-4007

Confidentiality & Privilege Notice

This communication and its disclosure are strictly limited to the recipient intended by the sender of this message. Please do not forward this message or its contents without consulting with the sender. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Other privileges may also apply.

If you are not the intended recipient, your receipt was the product of an inadvertent disclosure or an intentional violation of the confidentiality and privileges which apply. Therefore, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact us immediately by return e-mail or at 770-528-4000, and destroy the original transmission and its attachments without reading or saving in any manner. The sender has not waived and did not intend, directly or indirectly, to waive any privilege, in whole or in part.

**From:** Adelman, Mark A.
**Sent:** Friday, December 18, 2020 3:45 PM
**To:** McEntire, Brian (CRT) <Brian.McEntire@usdoj.gov>
**Cc:** Gray, Juliet (CRT) <Juliet.Gray@usdoj.gov>; BellHughes, Aileen (USAGAN) <Aileen.Bell.Hughes@usdoj.gov>
**Subject:** FW: Response 7 Rejection, Removal from Hiring Process

Brian,

As discussed in my recent email, attached please find documents responsive to Question 7. Thanks.

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
(770) 528-4007

Confidentiality & Privilege Notice

This communication and its disclosure are strictly limited to the recipient intended by the sender of this message. Please do not forward this message or its contents without consulting with the sender. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. Other privileges may also apply.

If you are not the intended recipient, your receipt was the product of an inadvertent disclosure or an intentional violation of the confidentiality and privileges which apply. Therefore, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact us immediately by return e-mail or at 770-528-4000, and destroy the original transmission and its attachments without reading or saving in any manner. The sender has not waived and did not intend, directly or indirectly, to waive any privilege, in whole or in part.

**CAUTION:** This email originated outside Cobb County Government. Please exercise caution when opening links/attachments in this email .

**CAUTION:** This email originated outside Cobb County Government. Please exercise caution when opening

# EXHIBIT 4

**U.S. Department of Justice**

Civil Rights Division

---

KDW:CAG:BGM:JEG
DJ 170-19-406

*Employment Litigation Section*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*
*www.usdoj.gov/crt/emp*

January 17, 2023

***Via United States and electronic mail***

Mark A. Adelman
Senior Associate County Attorney
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
Mark.Adelman@cobbcounty.org

Re:    Authorized Suit against Cobb County, GA, Pursuant to Section 707 of Title VII of the
         Civil Rights Act of 1964, as Amended

Dear Mr. Adelman:

This letter is to inform you of the results of our investigation to determine whether Cobb County, Georgia ("County"), through its Fire Department ("CCFD"), is engaged in a pattern or practice of discrimination in its hiring of entry-level firefighters. Based on the information gathered during our investigation, we have determined that Cobb County is engaged in a pattern or practice of discrimination against African-American candidates in its entry-level hiring process, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

Specifically, we have concluded that the County violated Title VII when it: (1) used the ACCUPLACER written examination to rank-order candidates on the 2020 firefighter eligibility list; and (2) used a credit check to screen firefighter candidates from at least 2016 through 2019. The County continues to use this credit check in its current hiring process. Below, we have summarized the factors that we considered in reaching our determination that the County violated Title VII.

With respect to the ACCUPLACER, the County began using the exam developed by the Technical College System of Georgia as part of its entry-level firefighter hiring process in 2020. The ACCUPLACER consists of three sections: (1) Reading; (2) Writing; and (3) Mathematics. To pass the exam, candidates must pass each of the three sections. In 2020, candidates who passed the ACCUPLACER and a physical agility test were ranked on an eligibility list by their overall score on the ACCUPLACER, plus additional points for an honorary military discharge, certain educational achievements, and valid firefighter and EMT certifications. The County then selected the top candidates on the eligibility list in strict rank order to move forward in the hiring process.

We have concluded that this use of the ACCUPLACER in 2020 caused an adverse impact on African-American candidates for CCFD firefighter positions. African-American candidates who passed the exam were positioned far lower than their White counterparts on the eligibility list, and the disparities in ranks between these two groups of candidates are statistically significant. As a result of these disparities, the County failed to select any African-American candidates for its academy based on the 2020 hiring process. Absent these differences in placement on the eligibility list, we would expect additional African-American candidates to have moved forward in the hiring process and ultimately to have been hired.

Cobb County is not prohibited under Title VII from using a selection procedure that results in adverse impact if it can demonstrate that the procedure is job related for the entry-level firefighter position and consistent with business necessity. The information presented to us has not demonstrated that the County's use of the ACCUPLACER meets these standards and complies with Title VII.

As to the credit check, a County Internal Affairs investigator conducts the check as part of a larger background check. The criteria for determining whether a candidate passes or fails the credit check are set forth in Section 4.01 of the CCFD Hiring Standards for the Position of Certified Firefighter. The Internal Affairs investigator determines whether or not the candidate meets the requirements of Section 4.01.

Our investigation concluded that from at least 2016-2019, CCFD's use of the credit check as part of its hiring process disproportionately screened out African-American firefighter candidates, and that the disparity between White and African-American candidates who failed the credit check is statistically significant. Absent these disparities, we would expect additional African-American candidates to have moved forward in the hiring process and ultimately to have been hired. Additionally, the County's stated justifications for using the credit check are insufficient to demonstrate that it is job related and consistent with business necessity.

Title VII provides that when a state or local government employer is engaged in a pattern or practice of discrimination in violation of the Act, the Attorney General may apply to the appropriate court for an order that will ensure compliance with Title VII and remedy the effects of past discrimination. This responsibility has been delegated to the Assistant Attorney General of the Civil Rights Division, who has authorized the filing of a lawsuit against Cobb County with respect to its use of the ACCUPLACER in 2020 and the credit check as detailed above.

We invite Cobb County to participate in settlement negotiations with the United States to resolve this matter without the burdens of contested litigation and to enter into an agreement incorporating corrective measures to comply with federal law, including:

    a. Reducing settlement terms to a publicly filed consent decree to be approved and entered by a federal court and subject to federal court supervision;

2

b. Taking appropriate action to correct the present effects of the disparate impacts identified above, including elimination of the credit check; and

c. Providing "make whole" relief to those firefighter candidates who have been harmed or will be harmed by Cobb County's unlawful use of the ACCUPLACER or the credit check.

If you are interested in resolving this matter along these lines, I encourage you to contact Trial Attorney Brian McEntire before January 31, 2023.  Mr. McEntire can be contacted by telephone at 202-598-9907 or by email at brian.mcentire@usdoj.gov.  Unless there is a reasonable certainty that we can reach a settlement without contested litigation, the United States is prepared to file a complaint in federal district court by March 13, 2023.


Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division


By:        */s/ Karen D. Woodard*

Karen D. Woodard
Chief
Employment Litigation Section


cc:    The Honorable Ryan K. Buchanan
United States Attorney
Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Suite 600
Atlanta, GA  30303-3309

3