IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>COBB COUNTY,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:24-CV-02010-WMR-JEM |

# ORDER

Pending before the Court is Plaintiff's unopposed motion, (Doc. 15), filed on February 7, 2025, seeking a 30-day extension of the deadlines for conducting the Rule 26(f) conference and filing the joint preliminary report and discovery plan (JPRDP), which was due February 12, 2025. (*See* Doc. 14.)

Generally, district courts have broad discretion in managing their cases, including over the management of pre-trial activities, discovery and scheduling. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Under this Court's Local Rules, the Rule 26(f) early planning conference must be held "within sixteen days after the appearance of a defendant by answer or motion," *see* LR 16.1, NDGa; the JPRDP "must be filed within thirty days after the appearance of the first defendant by answer or motion," *see* LR 16.2, NDGa; and

the initial disclosures must be made "at or within thirty (30) days after the appearance of a defendant by answer or motion," *see* LR 26.1(A), NDGa.

Here, Defendant has not filed an answer to the complaint, but the parties filed a joint motion seeking approval of their proposed consent decree that resolved all claims on May 9, 2024—one day after the complaint was filed. (Docs. 1; 2.) The District Judge, the Honorable William M. Ray, II, granted provisional entry of the consent decree, stayed Defendant's deadline to respond to the complaint, and set a fairness hearing on August 26, 2024, to determine if final approval would be granted. (Docs. 3; 4.) After conducting the hearing, and receiving briefing, Judge Ray denied final approval of the consent decree on January 16, 2025, (Doc. 13), and on January 22, 2025, Judge Ray ordered the parties to conduct the Rule 26(f) conference and file the JPRDP within 21 days— on or before February 12, 2025. (Doc. 14.) In its motion seeking an extension of time, Plaintiff states that it "needs additional time to consider the appropriate next steps in this case, which will inform the Rule 26(f) conference report." (Doc. 15.)

Given the current posture of this case, the Court finds that a limited extension of time is justified. Because Judge Ray previously stayed Defendant's deadline to respond to the complaint, that stay is now lifted, and Defendant shall have **14 days** from the date of this order—until **March 5, 2025**—to respond to the complaint. And the parties shall then have **30 days** from that date—until **April 4, 2025**—to conduct the Rule 26(f) conference, file the JPRDP, and provide the initial disclosures.

Accordingly, the Court **GRANTS** the pending motion, (Doc. 15), and extends the pre-trial deadlines as discussed above.

**SO ORDERED** February 19, 2025.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE